UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY BLOCKER,

        Plaintiff,                Case No. 1:19-cv-48

v.                                         Hon. Paul L. Maloney

UNITED STATES OF AMERICA
and DONALD TRUMP,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is an action brought by *pro se* plaintiff Corey Blocker against the United States of America and President Donald Trump. This matter is now before the Court on plaintiff's motion to amend the complaint (ECF No. 9) and defendants' motion to dismiss (ECF No. 13).

**I.**    **Background**

Plaintiff has entitled his complaint a "motion for an injunction" and seeks to have the following executive orders and statutes "struck down immediately because there [sic] are unconstitutional, and deprive residence [sic] of the country commonly known as United States of America the constitutional right to life, liberty, and the pursuit of happiness":

> EO 10990, EO 10995, EO 10998, EO 11000, EO 11001, EO 11002, EO 11003, EO 11004, EO 11005, EO 11051, EO 11310, EO 11049, EO 11921, EO 13688, EO 13603, AND THE FOLLOWING ACTS INTERNATIONAL EMERGENCY ACT, THE PATRIOT ACT, NS AND DEFENSE ACT. [sic] WHICH THE SUPREME COURT STRUCK DOWN A SIMILAR EO 10340 FOR THE GROUNDS THAT IT WAS UNCONSTITUTIONAL BECAUSE CONGRESS NEVER GRANTED THE PRESIDENT THE AUTHORITY TO INFRINGE ON THE RIGHT TO LIFE, LIBERTY, AND THE PURSUIT OF HAPPINESS WHICH THESE EO AND ACTS DO JUST THAT.

Compl. at PageID.1 (emphasis in original).

This rambling and at times incoherent complaint against defendants appears rooted in plaintiff's inability to get credit to purchase a car. *Id*. at PageID.2.  From this innocuous transaction, plaintiff leaps to the conclusion that the government is sabotaging his credit because "the U.S government is in cahoots with the state of Tennessee for the purpose of complete control over the citizens of this country." *Id*.  Plaintiff's complaint is essentially a manifesto against "this tyrannical government" stating: that he "is a free man who [sic] grandmother gave him his last name which makes it impossible for any slave manifest to give anyone the right or claim Corey Blocker as chattel property"; that the United States Government's "intent was and still is to stop Corey Blocker from bring [sic] to light the corruption that the state of Tennessee committed;" that he has been blacklisted; that he "has been fired from his last 5 jobs through no fault of his o[w]n;" that "it is of the utmost important [sic] to for [sic] this court to do its duty as stated in the declaration of independence to over throw a tyrannical government;" that the constitution "only gives the president the authority to make executive orders that effect [sic] the executive branch of government;" and, that the executive orders and Acts listed in the complaint should be struck because they "effect [sic] the common resident of the country commonly known as the United States of America." *Id*. at PageID.1-2.

Plaintiff also filed a handwritten "Motion to amend the original complaint to include the National Emergency Act (1973), and a statement of fact to prove that Corey Blocker has mailed via certified mail the original complaint to the U.S. Attorney Office in Grand Rapids. Also the U.S.C. [sic] that gives Corey Blocker the right to file, and be granted that all the orders, and Acts be struck down immediately" (ECF No. 9).  In this motion, plaintiff claims that the Uniform Commercial Code (U.C.C.) gives him "the right to file and be granted that all executive orders and Acts be struck down immediately, that the president has other tools to combat a national

emergency, and that these executive orders would give the United States "the ground to reintroduce slavery." Motion to amend at PageID.24.

Plaintiff filed another paper entitled a "Statement of fact, and further proof, of the corruption of the United States of America, which further shows why the Executive Orders and Acts must be struck down immediately" (ECF No. 11). The Clerk's Office docketed this statement as a "supplement" to the complaint. Among other things, plaintiff stated that he "has proof that the U.S. Government is spying on his communication in every form," that the United States Postal Service did not deliver his return slip for the U.S. Attorney in Grand Rapids until the day Corey Blocker stated that he had not received it," and that "Corey Blocker is doing his duty as a resident to by standing up for the Constitution which if the Executive Orders and acts that are the focus of this case are not struck down, the Constitution of the United States of America which this Court and every Court in the land has took an oath to uphold will no longer exist." *Id*.

Defendants have appeared in this action and moved to dismiss the complaint (ECF No. 13). It appears that defendants have expended considerable time and effort to construe plaintiff's complaint and set forth arguments to have the complaint dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the undersigned concludes that the complaint should be dismissed for lack of subject matter jurisdiction.

 II. Discussion

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted). When reviewing a motion to dismiss under

3

Fed. R. Civ. P. 12(b)(1), the Court accepts as true "the complaint's well-pleaded factual allegations, excluding, however, bald conclusions, unrelieved rhetoric, and pejorative epithets." *Viqueira v. First Bank*, 140 F.3d 12, 15 (1st Cir. 1998).  It is well-established that this Court has a duty to read a *pro se* plaintiff's complaint indulgently.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). However, while *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations."  *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).   A district court may dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) at any time "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Here, plaintiff's complaint does not contain any well-pleaded factual allegations to support his request that this Court strike down the laundry list of executive orders and statutes as unconstitutional. The complaint consists of nothing more than a list of executive orders and statutes accompanied by "bald conclusions, unrelieved rhetoric, and pejorative epithets."  *See Viqueira*, 140 F.3d at 15.  The vague, attenuated, unsubstantial and implausible allegations set forth in plaintiff's complaint are insufficient to establish subject matter jurisdiction in this court. *See Apple*, 183 F.3d at 479.  While plaintiff has every right to express his political opinions, this lawsuit is not the appropriate forum for such expression. Accordingly, plaintiff's complaint should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

The Court has reviewed plaintiff's motion to amend the complaint (ECF No. 9), which seeks to add a claim to strike down the National Emergency Act (1973).  Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading only with the court's leave, which the court "should freely give . . . when justice so requires."   Aside from plaintiff's failure to follow the

procedure for amending a complaint,[1] justice does not require the Court to allow plaintiff to amend his meritless complaint by adding the National Emergency Act to the laundry list of alleged unconstitutional statutes. Accordingly, plaintiff's motion to amend (ECF No. 9) should be denied.

Finally, there is no basis under the court rules for plaintiff to file a "statement of fact" (ECF No. 11). Even if this "statement" was construed as an attempt to amend the complaint, it is nothing more than a diatribe against the government and politicians.

### III.   RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's motion to amend (ECF No. 9) be **DENIED**, defendants' motion to dismiss (ECF No. 13) be **GRANTED**, and that plaintiff's complaint be **DISMISSED**.


Dated:  April 8, 2019                                   /s/ Ray Kent
                                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] Plaintiff has failed to file a supporting brief pursuant to W.D. Mich. LCivR 7.1(a) which requires that "[a]ll motions, except those made during a hearing or trial, shall be accompanied by a supporting brief" which shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies."