UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Corey Blocker,<br>    Plaintiff,<br><br>-v-<br><br>United States of America &<br>Donald Trump.<br>    Defendants. | No. 1:19-cv-48<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 22, 2019, Plaintiff Corey Blocker, proceeding pro se, filed a civil complaint alleging that many federal laws and executive orders are unconstitutional and deprive citizens of the United States of the "constitutional right to life, liberty and the pursuit of happiness." Blocker says the laws he is challenging include, but are not limited to: "EO 10990, EO 10995, EO 10998, EO 11000, EO 11001, EO 11002, EO 11003, EO 11004, EO 11005, EO 11051, EO 11310, EO 11049, EO 11921, EO 13688, EO 13603, AND THE FOLLOWING ACTS INTERNATIONAL EMERGENCY ACT, THE PATRIOT ACT, NS AND DEFENSE ACT."

The Court issued an order of reference referring the action to the magistrate judge under 28 U.S.C. § 636(b)(1)(A) and the matter is now before the Court on Blocker's Objections to a Report and Recommendation issued by the magistrate judge which recommends denying Blocker's motion for leave to amend his complaint and granting the United States' motion to dismiss for lack of subject-matter jurisdiction.

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).

Ultimately, after a de novo review of Plaintiff's objections, the Court concludes that the magistrate judge did not err by concluding that the action must be dismissed for lack of subject-matter jurisdiction. Blocker's complaint borders on incomprehensible; at various times, he complains that he lacked credit to purchase a car, that various executive orders exceed the President's constitutional authority, and that the government is spying on his every communication. Even under the liberal pro se pleading standard, the Court concludes that Plaintiff has failed to establish his standing to bring the claims pleaded in his complaint and in his proposed amended complaint. *See Lujan v. Defenders of Wildlife*, 505 U.S. 555 (1992).

The R & R is thus adopted as the opinion of the Court (ECF No. 24), and Plaintiff's objections (ECF No. 27) are overruled.

Defendant's motion to dismiss (ECF No. 13) is **GRANTED.** Plaintiff's motion for leave to amend his complaint (ECF No. 9) is **DENIED.** Plaintiff's "Motion for order demanding Case Credit Union submit all facts requested" is **DISMISSED AS MOOT.**

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

**JUDGMENT TO FOLLOW.**

**Date:** April 25, 2019                                         /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                                                 United States District Judge